UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| KIEL JAMES PATRICK, LLC, | ) | REQUEST FOR EMERGENCY |
| *Plaintiff*, | ) | *EX PARTE* TEMPORARY |
|  | ) | RESTRAINING ORDER |
| v. | ) |  |
|  | ) | C.A. No. 1:24-cv-00326-MSM-LDA |
| JOHN DOE and XYZ Corporation, | ) |  |
| *Defendants.* | ) |  |
|  | ) |  |

**ORDER REGARDING PLAINTIFF'S *EX PARTE* MOTION FOR
TEMPORARY RESTRAINING ORDER
AND WRIT OF ATTACHMENT**

In the above-captioned matter, the Motion for Temporary Restraining Order ("**Motion for TRO**") of the Plaintiff Kiel James Patrick, LLC ("**KJP**" or "**Plaintiff**") was heard before the Honorable Mary S. McElroy on August 15, 2024 at 9:30 AM. *See Dkt. No. 2*. Upon review of KJP's Motion for TRO and its supporting papers and after hearing, it is hereby ORDERED, ADJUDGED, and DECREED that:

**1.** That the Motion for TRO is <u>GRANTED</u> as set forth herein;

**2.** That adequate notice has been provided pursuant to Fed. R. Civ. P. 65(b)(1)(B), or that the lack of notice was justified and excusable pursuant to Fed. R. Civ. P. 65(b)(1)(B);

**3.** That KJP has demonstrated:

    **a.** that there is a likelihood of success on the merits of their claims;

    **b.** that without the relief requested in the Motion for TRO KJP will suffer irreparable harm;

    **c.** that the balance of hardships between the parties weighs in favor of granting the Motion for TRO; and

  **d.** that the granting of the Motion for TRO would be beneficial to the public interest;

 **4.** That the Defendant John Doe and the Defendant XYZ Corp. (collectively "**Defendant**"), their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

  **a.** using the KJP Marks, as defined in the Complaint, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine KJP Product or is not authorized by KJP to be sold in connection with the KJP Marks;

  **b.** passing off, inducing, or enabling others to sell or pass off any product as a genuine KJP product or any other product produced by KJP that is not KJP's or not produced under the authorization, control, or supervision of KJP and approved by KJP for sale under the KJP Marks;

  **c.** committing any acts calculated to cause consumers to believe that the Defendant's counterfeit products and/or goods are those sold under the authorization, control, or supervision of KJP, or are sponsored by, approved by, or otherwise connected with KJP;

  **d.** further infringing the KJP Marks and damaging KJP's goodwill;

  **e.** otherwise competing unfairly with KJP in any manner;

  **f.** shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for KJP, nor authorized by KJP to be sold or offered for sale, and which bear any KJP Marks, or any reproductions, counterfeit copies, or colorable imitations thereof;

    **g.** using, linking to, transferring, selling, exercising control over, or otherwise owning any domain name, website, or online marketplace or account that is being used to sell or is how the Defendant could continue to sell counterfeit products and/or goods of KJP Products or using the KJP Marks; and

    **h.** operating and/or hosting websites at any other domain names registered or operated by the Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the KJP Marks or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine KJP product or not authorized by KJP to be sold in connection with the KJP Marks; and

  **2.** That, upon KJP's request, those in privity with the Defendant and those with notice of the injunction, including its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it including any online marketplaces, social media platforms, Internet search engines, web hosts for the Defendant's domain names, and domain name registrars, shall:

    **a.** disable and cease providing services for any accounts through which Defendant engages in the sale of counterfeit products and/or goods using the KJP Marks;

    **b.** disable and cease displaying any advertisements used by or associated with the Defendant in connection with the sale of counterfeit products and/or goods using the KJP Marks; and

    **c.** take all steps necessary to prevent links to the Defendant's commercial Internet Store, as defined in the Complaint, from displaying in search results, including, but not limited to, removing links to the Defendant's Internet Store from any search index; and

3. That the funds and the accounts of the Defendant and/or associated with the Internet Store, including without limitation those at PayPal, Inc., are attached and temporarily restrained from access, disposition, use, taking, and transfer including without limitation by the Defendant and their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert; and

4. That further hearing on the Motion for TRO is scheduled for August 26, 2024, at 11:30 AM before the Honorable Mary S. McElroy.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
Date: 8/19/2024

PRESENTED BY:

The Plaintiff,
Kiel James Patrick, LLC,
By its Attorney,

*/s/ C. Alexander Chiulli*
C. Alexander Chiulli, Esq.  (Bar No. 9139)
Joseph P. Carnevale, Esq. (Bar No. 9121)
Savage Law Partners, LLP
564 South Water Street
Providence, RI 02903
Email: achiulli@savagelawpartners.com
Email: jcarnevale@savagelawpartners.com
Tel:    (401) 238-8500

4